CHICAGO AND NORTHWESTERN RAILWAY COMPANY,
Respondent
v.
GILBERT, Appellant

(166 N.W.2d 573)

(File No. 10577. Opinion filed April 1, 1969)

**Frank L. Farrar,** Atty. Gen., **John Dewell,** Asst. Atty. Gen., Pierre, **T. F. Martin,** State's Atty., Brookings, for appellant.

**Woods, Fuller, Shultz & Smith, Timothy J. Nimick,** Sioux Falls, for respondent.

HOMEYER, Judge.

The legality of certain tax levies made by Brookings County for the year 1965 is the question presented by this appeal. Taxes were paid under protest and in a suit to recover the amount claimed to have been illegally levied, the taxpayer prevailed in the trial court which held the questioned levies in excess of the statutory limitation prescribed by SDC 1960 Supp. 57.0511(6) as amended[1] were void.

Tax levies for three purposes are challenged: (1) School Reorganization Fund, .07 mills; (2) County Building Fund, .57 mills; and (3) Agricultural Building Fund, .09 mills. Each will be considered separately on this appeal.

### School Reorganization Fund

By Chapter 41, Laws of 1955, the legislature enacted a comprehensive Public School Law Revision Act. Many sections pertain to reorganization of school districts and provision is made for a County Board of Education. Its powers and duties are set forth and Section 10, SDC 1960 Supp. 15.09A10, provides "the county board of education shall have the power to authorize

---

1. SDC 1960 Supp. 57.0511: "Limitation of organized county levy. The total annual county tax levy for all purposes, except poor relief fund shall not exceed the following rate: * * * (6) In counties having an assessed valuation of more than sixty-five million dollars, the levy shall not exceed five mills on the dollar of assessed valuation." Brookings County was in this category in 1965. The Board of County Commissioners levied 4.98 mills within the limited levy and 3.94 mills outside the limited levy. The questioned levies totaled .73 mills of which .71 mills was held illegal and void.

the levying of an annual tax not to exceed one-half mill on the assessed valuations of all property within the county for a county board of education reorganization fund." The board is directed to prepare an annual budget and submit such budget request in dollars to the county auditor before August 15th. "The county auditor shall levy a tax upon all taxable property within the county sufficient to raise such budget request subject to the legal mill limitations as herein provided." Ibid. Although the levy is made by the county auditor upon a budget request by the county board of education, it is our opinion that this is a county levy. It operates equally upon all property in the county and cannot be considered as a school district levy with limits applicable thereto, SDC 1960 Supp. 57.0515, or as a tax of any other taxing unit. The limitation upon the power of the auditor in levying the tax is fixed by the nature of the purpose of the tax. SDC 57.0601.

We find nothing in the Act or any amendments thereof from which we can infer that the legislature intended to exempt a county wide levy for school reorganization purposes from the limitation provisions of SDC 1960 Supp. 57.0511. In construing the latter statute this court has said:

> "In terms too clear to be misunderstood, this act reveals an intention to place general, all embracing, maximum limitations upon the taxing power of our local governmental units." Rosebud Lumber & Coal Co., v. Ryan, 67 S.D. 72, 289 N.W. 81.

Significantly since that time and consonant with decisional interpretation of that statute, the legislature in authorizing levies not to be included within its scope has usually so stated in express words "too clear to be misunderstood". See Chapter 434, Sections 2, 3, Laws of 1959, poor relief; SDC 1960 Supp. 57.0505-1, county highway and bridge reserve fund; SDC 1960 Supp. 57.0519, levies to pay certain judgments against a taxing district; to pay principal and interest on bonds; for park purposes; and levies authorized by a vote of the people; SDC 1960 Supp. 62.0306, weed control; SDC 1960 Supp. 12.2504, county library.

## County Building Fund

The authority for this fund is found in Chapter 49, Laws of 1963,[2] wherein it is stated "The board of county commissioners may in its discretion provide for an annual tax levy of not to exceed one and one half mills on the dollar **in addition to all other tax levies,"** for certain county buildings and sites therefor. The underscored part with other changes not here material was added by the legislature in the 1963 amendment.

■■ From the language used in the amendment we believe it abundantly clear that the legislature intended to exempt a levy for "courthouse, office or jail building or any of them" from the limiting provisions of SDC 1960 Supp. 57.0511 theretofore applicable. The fact that in some exempting statutes the legislature expressly referred to the maximum levy statute to show exemption therefrom as stated supra does not mean that it was necessary so to do in all cases to show such intent. Other statutes where general exempting language has been used are SDC 1960 Supp. 15.3306, county high school tuition fund, SDC 1960 Supp. 15.3004(12) as amended by Chapter 43, Laws of 1966, special education.

## County Agricultural Building Fund

■ SDC 1960 Supp. 12.2305 as amended by Ch. 50, Laws of 1963, authorizes the county commissioners to levy not to exceed three-tenths of a mill for an agricultural building fund. No exempting language is found in the statute and it is conceded that a levy for this purpose is within the county levy limitations of SDC 1960 Supp. 57.0511.

## Roads and Bridges

The county levied .58 mills for county roads and 1.54 mills for county bridges and both were listed as within the limited levy.

---

2. This statute was amended by Chapter 21, Laws of 1968.

The county now asserts that two mills of the combination of these levies was not within the limitation of SDC 1960 Supp. 57.0511 and when that amount is eliminated, the agricultural building fund levy and either or both of the other questioned levies, if determined to be limited levies, would not exceed the limits of the general statute.

■ The county argues since SDC 1960 Supp. 57.0505-2 as amended by Chapter 284, Laws of 1965, authorizes a levy of two mills[3] for "construction, maintenance and repair" of roads and bridges "exclusive of and not subject to the limitations provided in SDC 57.0505, as amended and SDC 1960 Supp. 57.0511" it mandates a construction that two mills of any levy made for county roads and bridges is levied outside the limited levy. An examination of pertinent statutes does not convince us that such a construction is proper and logical, or that SDC 1960 Supp. 57.0505-2 as amended was so intended by the legislature.

SDC 57.0505 expressed some purposes for which county taxes may be levied and in subsection (4) provided an inclusive levy limitation of two mills[4] for county roads in addition to road taxes levied by certain other governmental subdivisions. It also authorized an increase to five mills if so directed by a majority vote of electors. There can be no doubt that a levy made under this subsection had to be within the limits of SDC 57.0511 except that by Chapter 287, Laws of 1943, SDC 1960 Supp. 57.0519, an increase from two to five mills upon a vote of the people was exempted therefrom. Subsection (6) fixed a one and one-half mill limit for county bridges. By unanimous vote in case of necessity the county commissioners could increase the levy to three mills without such increase violating the general limitation. It appears clear to us that such statute intended a levy of one and one-half mills for county bridges to be within the limits of SDC 57.0511, but if more was levied in the manner and upon the condition prescribed, such excess would be outside such limits.

---

3. Three mills are permitted under certain conditions. Chapter 284, Laws of 1965.

4. This was increased to three mills by Chapter 322, Laws of 1945.

■ The restrictions in both subsections were subsequently removed[5] and the statute as amended now reads: "(4) For county roads  *  *  *  (6) For county bridges". The legislative history[6] of SDC 1960 Supp. 57.0505-2 does not manifest that the legislature intended to substitute SDC 1960 Supp. 57.0505-2 (one mill) or after amendment by Chapter 284, Laws of 1965, (two mills) for any amount which could be levied within the limits of SDC 57.0505 as amended. In fact from 1951 when the additional levy statute was first enacted until 1959 when the restriction in SDC 57.0505 was removed the two statutes coexisted. Obviously during that period a county levy for roads and bridges could not exceed the maximum permitted in SDC 57.0505, except as expressly provided therein, and still had to be within the general county limitation. However, in addition thereto the commissioners, if they so chose, could levy additional amounts not within that limitation.[7] As we view the 1959 amendment, it removed all specific levy restrictions for county roads and county bridges, but the power and duty remained with the board of county commissioners to levy such amounts as were needed within the general limiting statute. This is precisely what the board of county commissioners did in this case. The board made no attempt to invoke the additional grant of power under SDC 1960 Supp. 57.0505-2 as amended. Having failed to do what it might have done "in its discretion" this court cannot now in effect make such a levy for the board as contended by the county.

For reasons set forth, the judgment is reversed and the cause remanded to the trial court with directions to amend its judgment in conformity with this opinion.   No costs will be taxed.

All the Judges concur.

---

5.  Subsections (4) and (6) were amended by Chapter 434, Laws of 1959.

6.  SDC 1960 Supp. 57.0505-2 had its origin in Chapter 459, Laws of 1951, authorizing an additional levy of one mill for bridges to expire on July 1, 1953, and Chapter 30, Laws of 1953, authorizing that amount for roads and bridges. Further amended by Chapter 441, Laws of 1961 and Chapter 284, Laws of 1965, increasing amount of permissible levy to either two or three mills.

7.  Chapter 54, Laws of 1963, provides for a county road and bridge fund after January 1, 1964 for accounting purposes. It recognizes as the source of such fund amounts received under SDC 1960 Supp. 57.0505(4), (6) and from an additional levy under SDC 1960 Supp. 57.0505-2, as amended.